**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 21 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAVIER YESID ARRIETA-
CASTILLA; MARIA ALEJANDRA
CURE-TORNE; S.A.C.; J.C.A.C.,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-5754

Agency Nos. A246-040-975
A246-040-976
A246-040-977
A246-040-978

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 18, 2025**
Portland, Oregon

Before: CALLAHAN and MENDOZA, Circuit Judges, and SNOW, District
Judge.***

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable G. Murray Snow, United States District Judge for the
District of Arizona, sitting by designation.

Petitioners are members of a family from Colombia. Javier Yesid Arrieta-Castilla is the lead petitioner, Maria Alejandra Cure-Torne is his spouse, and S.A.C. and J.C.A.C. are their minor children. They petition for review of a decision by the Board of Immigration Appeals ("BIA") affirming an Immigration Judge's ("IJ") denial of asylum and withholding of removal.[1] We have jurisdiction under 8 U.S.C. § 1252. We review the agency's legal conclusions de novo and factual findings for substantial evidence. *Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020). Under the substantial evidence standard, "we must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (citation omitted). We deny the petition.

"To be eligible for asylum, a petitioner has the burden to demonstrate a likelihood of 'persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021) (quoting 8 U.S.C. § 1101(a)(42)(A)). "To be eligible for withholding of removal, the petitioner must discharge this burden by a clear probability." *Id.* (citations and quotation marks omitted). Both forms of relief require the petitioner to "demonstrate a nexus

---

[1] Petitioners also applied for protection under the Convention Against Torture ("CAT"), but they did not challenge the IJ's denial of CAT relief before either the BIA or this court. Any CAT claim is therefore unexhausted and forfeited.

between her past or feared harm and a protected ground." *Garcia v. Wilkinson*, 988 F.3d 1136, 1143 (9th Cir. 2021) (citation omitted); *see id.* at 1146. For asylum, the petitioner must show that a protected ground "was or will be at least one central reason" for the persecution. 8 U.S.C. § 1158(b)(1)(B)(i). For withholding of removal, however, the nexus requirement is met if the petitioner demonstrates that a protected ground was "a reason" for the past or feared harm. *Barajas-Romero v. Lynch*, 846 F.3d 351, 357, 359 (9th Cir. 2017).

Substantial evidence supports the agency's finding underlying its denial of asylum and withholding of removal that Petitioners failed to establish a nexus between their past or feared harm and a protected ground. Petitioners testified to three separate incidents of violence that occurred within a 10-month span but presented very little evidence about the potential motivations of their attackers. For the March and December 2022 attacks, Petitioners provide little to no information about who the attackers were or why their family was targeted. As for the August 2022 attack, Petitioners' testimony indicates a local cartel was responsible, but the cartel members sought only money and ammunition. Such evidence, however, does not compel the conclusion that the cartel members were orchestrating a "payback," but instead suggests they were motivated by pecuniary or otherwise opportunistic gain. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [noncitizen's] desire to be free from harassment by criminals

3

motivated by theft or random violence by gang members bears no nexus to a protected ground." (citations omitted)).

Although Petitioners speculate that their membership in the Arrieta-Cure family—due to the connection to their father who was previously employed with the National Police—was "a reason" for the attacks, they "fail[] to identify circumstantial evidence in the record raising a compelling inference" to disturb the agency's contrary conclusion. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014).

**PETITION DENIED.**[2]

---

[2] The temporary stay of removal remains in place until the mandate issues. *See* Dkt. No. 10.